WILLIAM WRIGHT, JR. *vs.* HENRY DRESSER, administrator.

One who has taken up promissory notes at the request of a married woman cannot recover from her the amount paid by him, if he does not show that they were given with reference to her separate estate.

CONTRACT on an account annexed against the administrator of the estate of Zeruiah Perry, wife of Frederick Perry. The case was referred by the Superior Court to an auditor, who reported a balance of account due the plaintiff, but found that items 57 and 70 in the account were for the amount of two promissory notes, both of which were signed "Frederick Perry, agent," and one of which purported in the body of it to be the note of Frederick Perry "as agent of Zeruiah Perry;" and that both of these notes were paid by the plaintiff at the request of the defendant's testatrix.

The case was submitted to the judgment of the Superior Court, and, on appeal, of this court, on the auditor's report as an agreed statement of facts. " The defendant claiming that items 57 and 70 should not be allowed by the court in its judgment to the plaintiff, but should be excluded therefrom ; if the court should be of the opinion that one or both of said items should not be allowed to the plaintiff, then judgment to be for the plaintiff for the amount found due by the report less the amount of such item or items excluded ; otherwise for the full amount."

*H. J. Dunham*, for the plaintiff.

*M. Wilcox*, for the defendant.

CHAPMAN, C. J. The action is against the defendant as administrator of the estate of Zeruiah Perry, deceased. She was a married woman. The controversy relates to items 57 and 70 of the auditor's report, which is agreed to be taken as a statement of facts. These items are for the amount of two notes paid by the plaintiff at the request of the defendant's testatrix; and it appears by the report that both notes were paid by her request. If it be assumed that they were given for her, yet it does not appear that they were given with reference to her separate property, so as to make her liable for them under the Gen. Sts. *c.* 108, § 3,

and the burden is on the plaintiff to show such facts as would make her thus liable. *Tracy* v. *Keith,* 11 Allen, 214.

These two items, therefore, must be deducted from the amount allowed by the auditor's report, and judgment rendered for the balance.